UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLOS D. PATRICK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00974 ERW |
| ) | |
| JAMES PURKETT, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Lewis M. Blanton [doc. #12], pursuant to 28 U.S.C. § 636(b). Petitioner Carlos D. Patrick ("Petitioner") has filed Objections [doc. #15] to the Report and Recommendation recommending denial of his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [doc. #1], and as required by 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. *See also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003).

**I.  FACTUAL AND PROCEDURAL BACKGROUND**[1]

On May 23, 2005, Petitioner pled guilty in the Circuit Court of St. Louis City, Missouri to one count of second degree murder and one count of armed criminal action, and the court sentenced Petitioner to thirty years imprisonment on each count, to be served concurrently.[2] The

---

[1] The Court's recitation of the facts is taken from Magistrate Judge Blanton's Report and Recommendation. The Court addresses Petitioner's one factual objection below in Section III.A.

[2] Petitioner received an additional ten-year sentence after pleading guilty the following day to an apparently unrelated charge of sale of a controlled substance, to be served concurrently with the thirty-year sentences.

two charges arose out of the events of July 29, 2003, when Petitioner had a disagreement with the victim, a female acquaintance, over $20 they had obtained from selling a TV in order to buy drugs. The altercation became physical, and Petitioner struck the victim on the head with a blunt object and then strangled her with an electrical cord. The prosecutor reported that the victim's cause of death was blunt force trauma and strangulation. Petitioner admitted to these facts when entering his guilty plea.

Pursuant to Missouri Supreme Court Rule 24.035, Petitioner filed a *pro se* motion to vacate, set aside, or correct the sentence of the St. Louis City Circuit Court. Counsel was appointed to represent Petitioner, and in his subsequently-amended motion, Petitioner contended that he received ineffective assistance of counsel in violation of Sixth Amendment rights, in that plea counsel failed to discuss with him the possibility of proceeding to trial with the exculpatory defense of self-defense or the mitigating defenses of sudden passion or reckless homicide.[3] Petitioner's motion was denied, and he timely appealed to the Missouri Court of Appeals for the Eastern District of Missouri, which affirmed the motion court's denial of post-conviction relief.

His available state remedies exhausted, Petitioner then filed this *pro se* Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. His sole ground for relief is the same as that asserted in the state courts: that he received ineffective assistance of counsel due to his plea counsel's failure to suggest that he might proceed to trial with the aforementioned defenses instead of pleading guilty.

---

[3] Petitioner refers to these as mitigating defenses because they would result in convictions for the lesser offenses of voluntary manslaughter and involuntary manslaughter, respectively.

## II. STANDARD OF REVIEW

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." *Tokar v. Bowersox*, 198 F.3d 1039, 1045 (8th Cir. 1999) (internal quotations omitted); *see also Yanez v. Minnesota*, 562 F.3d 958, 962 (8th Cir. 2009) ("A state court decision is contrary to clearly established Supreme Court precedent if the state court arrives at a conclusion opposite to that reached by the Court on a question of law or . . . decides a case differently than the Court has on a set of materially indistinguishable facts.") (internal quotations and citations omitted). Under the second prong of § 2254(d), a state court decision is based on an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004) (internal citations omitted).

## III. DISCUSSION

Although presented as seven distinct objections, the Court finds that Petitioner essentially presents two objections to the Report and Recommendation: (1) the Missouri Court of Appeals' conclusion with respect to the viability of self-defense, sudden passion, and reckless homicide theories was based on the incorrect factual premise that Petitioner was in an altercation with one female, when in fact there was another male assailant present; and (2) the Magistrate Judge erred in finding that those defenses would not have been available to Petitioner at trial, and therefore also erred in concluding that the state courts did not unreasonably apply federal law in denying his claim of ineffective assistance of counsel.

### A. Two Alleged Assailants

Petitioner asserts in his Objections that he was attacked by two individuals – the victim and another male – prior to committing the murder for which he is incarcerated. This attack, Petitioner claims, required him to "defend himself from serious bodily injury from both assailants" and "left [him] in an uncontrolled passion of rage and anger when he justly defended himself from the attack." The Court has reviewed the transcript of Petitioner's guilty plea hearing, the findings of the motion court denying post-conviction relief, Petitioner's brief on appeal to the Missouri Court of Appeals, and the opinion of the Missouri Court of Appeals affirming the motion court's ruling, and this appears to be the first time that Petitioner has claimed that two assailants were present. Furthermore, Petitioner admitted to the State's characterization of events at his guilty plea hearing, and the prosecutor's recitation of the facts there did not mention a second individual. In short, the state court's presumptively correct factual findings are, in fact, supported by the record, and this objection will therefore be denied. *See Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004).

## B. Petitioner's Ineffective Assistance of Counsel Claim

Petitioner's remaining objection to the Report and Recommendation is a general objection to the Magistrate Judge's conclusion that his § 2254 Petition should be denied. As such, the Court assesses *de novo* whether the Missouri Court of Appeals' denial of Petitioner's ineffective assistance of counsel claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1).

In order to demonstrate ineffective assistance of counsel, an individual who pled guilty must show (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) that he was prejudiced by counsel's deficient performance – that is, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (internal quotations omitted)); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). Establishing ineffective assistance of counsel is a "heavy burden," *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996), because "[i]n determining whether counsel's conduct was objectively reasonable, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997) (citing *Strickland*, 466 U.S. at 689) (internal quotations omitted). Furthermore, both prongs of the test must be satisfied for the claim to succeed; if a defendant fails to make a sufficient showing under one prong, the court need not address the other. *See Strickland*, 466 U.S. at 697.

Applying the *Strickland* framework, the Court agrees with the Missouri Court of Appeals' conclusion that counsel's apparent decision not to discuss with Petitioner a self-defense trial

strategy was not objectively unreasonable. Under Mo. Rev. Stat. § 563.031, in order to receive an instruction on self-defense where lethal force is involved, a criminal defendant must show "(1) an absence of aggression or provocation on the part of the defender; (2) a real or apparently real necessity for the defender to kill in order to save himself from an immediate danger of serious bodily injury or death; (3) a reasonable cause for the defendant's belief in such necessity; and (4) an attempt by the defender to do all within his power consistent with his personal safety to avoid the danger and the need to take a life." *State v. Thomas*, 161 S.W.3d 377, 379 (Mo. 2005) (en banc) (internal citation omitted). Based on the underlying facts to which Petitioner admitted in his guilty plea hearing, and also based on the facts as he characterizes them in support of his § 2254 Petition, there were no circumstances present indicating that Petitioner was presented with "an immediate danger of serious bodily injury or death." Petitioner claims only that the victim verbally abused him, that she pushed him away in the course of their argument, and that she swung an electrical cord at him; there is no indication that he was in any serious physical danger. A court or jury could not rationally find that Petitioner was justified in bludgeoning the victim on the head and then strangling her with an electrical cord in order to save himself from further insults, pushes, or strikes from an electrical cord, and counsel therefore was not ineffective in deciding not to discuss this defense with Petitioner.

Turning to Petitioner's "sudden passion" argument, Petitioner suggests that if he had proceeded to trial, he might have been found guilty only of voluntary manslaughter, and not second degree murder. "A person commits the crime of voluntary manslaughter if he . . . [c]auses the death of another person under circumstances that would constitute murder in the second degree . . . , except that he caused the death under the influence of sudden passion arising from adequate cause." Mo. Rev. Stat. § 565.023.1(1). "Adequate cause" refers to "cause that would

6

reasonably produce a degree of passion in a person of ordinary temperament sufficient to substantially impair an ordinary person's capacity for self-control," Mo. Rev. Stat. § 565.002(1). "Sudden passion" is "passion directly caused by and arising out of provocation by the victim or another acting with the victim which passion arises at the time of the offense and is not solely the result of former provocation," Mo. Rev. Stat. § 565.002(7); it "may be rage or anger, or terror, but it must be so extreme that, for the moment, the action is being directed by passion, not reason." *State v. Fears*, 803 S.W.2d 605, 609 (Mo. 1991) (en banc) (internal quotations and citations omitted).

Plea counsel did not provide unconstitutionally ineffective assistance by not discussing with Petitioner the possibility of proceeding to trial under a voluntary manslaughter theory. Whether Petitioner would argue that the "adequate cause" was the dispute over how to divide the $20, or the victim's actions in becoming verbally abusive and shoving Petitioner, no factfinder could conclude that either of those events would cause an ordinary person of ordinary temperament to lose his capacity for self-control to the extent that he would only be able to act out of an extreme state of passion. Petitioner also alleges that the victim swung the electrical cord at him before he grabbed it and used it to strangle her, but merely swinging a cord at someone is likewise insufficient to cause an average person to completely lose his ability to reason and evaluate the necessity of his actions. The Missouri Court of Appeals reasonably concluded that counsel did not perform deficiently in not discussing this strategy with Petitioner.

Lastly, Petitioner contends that plea counsel was ineffective for not advising Petitioner of the possibility that he might proceed to trial and only be convicted of the lesser offense of involuntary manslaughter. A person who "[r]ecklessly causes the death of another person" commits involuntary manslaughter, also known in these circumstances as reckless homicide. *See*

7

Mo. Rev. Stat. § 565.024.1(1). "A person 'acts recklessly' or is reckless when he consciously disregards a substantial and unjustifiable risk that circumstances exist or a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." Mo. Rev. Stat. 562.016.4. The Missouri Supreme Court has further distinguished involuntary manslaughter's reckless action from second degree murder's knowing action as follows:

> Recklessness resembles knowing conduct in one respect in that it involves awareness, but it is an awareness of risk, that is, of a probability less than a substantial certainty. By contrast, to act knowingly is to be aware that the conduct is practically certain to cause a result. [Mo. Rev. Stat. § 562.016.3]. In sum, reckless conduct is not inconsistent with the intentional act of defending one's self, if in doing so one uses unreasonable force.

*State v. Beeler*, 12 S.W.3d 294, 299 (Mo. 2000) (en banc). Although this might suggest that an instruction on reckless homicide is available in every instance in which a defendant responds to a threat with excessive force, a factfinder can only "draw an inference of recklessness if there is a basis to believe that the defendant did not knowingly cause the victim's death or have a purpose to do great harm to the victim." *See State v. Newberry*, 157 S.W.3d 387, 397 (Mo. Ct. App. 2005) (citing *Beeler*, 12 S.W.3d at 300); *see also* Mo. Rev. Stat. § 565.021.1(1) ("A person commits the crime of murder in the second degree if he . . . [k]nowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person."). Put another way, *Beeler* clarified that it is not necessarily logically inconsistent for a defendant to receive instructions on second degree murder, self-defense, and involuntary manslaughter, because

> [t]he jury could believe the defendant acted unreasonably in defending himself, but not believe [the] defendant had the requisite intent for second degree murder; that is, he did not knowingly cause the victim's death or have a purpose to do great harm to the victim. [citation omitted]. The jury in such case would acquit of second degree murder. At the same time, the jury could consistently find that the homicide involved

8

> a conscious disregard of a substantial and unjustifiable risk of death to the victim and that the force used was a gross deviation from that force reasonably necessary for [the] defendant to protect himself[, and therefore find the defendant guilty of involuntary manslaughter].

12 S.W.3d at 300.

On the facts of this case, however, the Missouri Court of Appeals correctly concluded that involuntary manslaughter was not an applicable charge because the facts do not support an inference that Petitioner did not intend to cause serious bodily harm. It is undisputed that Petitioner hit the victim over the head with a blunt object *and* strangled her with an electrical cord. Either of these actions, standing alone, clearly establish that Petitioner intended to cause her serious physical injury; viewed together, it is even more evident that no rational factfinder could conclude otherwise. As such, plea counsel performed reasonably in declining to address the possibility of an involuntary manslaughter verdict with Petitioner, and for purposes of 28 U.S.C. § 2254(d)(1), the Missouri Court of Appeals' decision affirming the denial of post-conviction relief therefore was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

Thus, in sum, the Court finds that Petitioner's plea counsel was not ineffective in failing to suggest that he could proceed to trial and assert self-defense, or seek to obtain a guilty verdict at trial on the lesser offenses of voluntary or involuntary manslaughter. The facts alleged demonstrate that none of those trial strategies would have been viable, and plea counsel therefore did not perform deficiently in not discussing them with Petitioner.

## IV. CONCLUSION

Petitioner's Objections to Magistrate Judge Blanton's Report and Recommendation fail to establish error, and Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody will therefore be denied without an evidentiary hearing. Petitioner's

factual objection – that in addition to the victim, there was a second attacker present when he committed the murder for which he is incarcerated – is insufficient to overcome the state court's presumptively correct factual findings because there is no indication whatsoever in the record that there was a second aggressor, or even that Petitioner ever made such a claim. Petitioner's second objection, a general objection to the Magistrate Judge's conclusion that the Missouri Court of Appeals correctly denied Petitioner's ineffective assistance of counsel claim, will likewise be denied, as the undisputed facts establish that plea counsel reasonably decided not to discuss with Petitioner the possibility of proceeding to trial under self-defense, voluntary manslaughter, or involuntary manslaughter theories.

**IV.     CERTIFICATE OF APPEALABILITY**

The Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings") (internal citation omitted). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in his Petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's § 2254 Petition.

Dated this 20th Day of July, 2010.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE